No. 2922

Second Circuit

---

DAVIS v. BLAUSCHILD

---

(May 13, 1927. Opinion and Decree.)
(June 28, 1927. Rehearing Refused.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Builders and Buildings—Par. 14, 15. Obligations—Par. 164.**

Where the subcontractor's work in installing a boiler is defective and he consents to work being done by another person called in by the architect, the subcontractor, through the servants, assisting in the work, his objections to deducting the amount paid the party called in to complete the job from the contract price of his bill comes too late after the completion of the work.

2. **Louisiana Digest—Builders and Buildings—Par. 18.**

The subcontractor is entitled to the value of extra work for which he was employed, but was not included in 'the contract price.

Appeal from the Third Judicial District Court of Louisiana, Parish of Lincoln. Hon. C. B. Roberts, Special Judge.

Action by C. C. Davis, et al, against Sam Blauschild, et al.

There was judgment for plaintiffs and defendant appealed.

Judgment affirmed.

Elder, Thompson & Digby, of Farmersville, attorneys for plaintiffs, appellees.

E. L. Walker, Farmerville, attorney for defendant, appellant.

WEBB, J. Davis & Jimmerson, a partnership, entered in to a contract with the Ruston State Bank to construct a building for the latter, in accordance with plans and specifications prepared by Drago & King, architects. The contractors, Davis & Jimmerson, contracted with Sam Blauschild to furnish material and do a part of the work called for by the specifications, for the sum of twenty-eight hundred dollars.

The subcontractor, Blauschild, had done some of the work for which he had received the sum of twenty-two hundred dollars, when there was some complaint made by the architects, who were superintending the construction of the building, of the work of Blauschild, which resulted in other persons being called in to take over some part of the work contracted to be done by Blauschild.

The work done by the persons who were called in by the architects consisted of going over work on the heating plant, which had been done by Blauschild, and of doing other work in connection with the installation of the plant, for which a charge of eight hundred nineteen and 57-00 dollars was made, and the installation gutters and work on skylights at a cost of one hundred twenty-eight and 20-100 dollars, and purchase of materials by the contractors for such work amounting to twenty and 53-100 dollars.

On completion of the building Blauschild, claiming that the contractors, Davis & Jimmerson were indebted to him for a balance of three hundred fifty dollars on the contract price, and of eighty-five and 60-100 dollars for· extras, filed a lien against the building, and the bank, owner of the building, retained the amount for which the lien was filed, or four hundred thirty-five and 50-100 dollars, out of the contract price.

And the contractors, Davis & Jimmerson, brought this suit against Blauschild and the Ruston State Bank to have the lien cancelled and for judgment ordering the bank to pay them the amount retained by it, and for judgment against Blauschild in the sum of three hundred sixty-eight and 30-100 dollars, with interest.

On trial judgment was rendered in favor of plaintiff, ordering the lien cancelled, and ordering the bank to pay plaintiff the amount retained by it, and against Blauschild, in the sum of one hundred fifty-three dollars, with interest, from which judgment Blauschild appeals.

The plaintiff contends that the payments made by it for the work done by persons employed by the architects in execution of work undertaken by Blauschild, amounting to nine hundred sixty-eight and 30-100 dollars, were properly charged to Blauschild, and that such amounts together with twenty-two hundred dollars paid Blauschild on the contract, being in excess of the contract price of twenty-eight hundred dollars, that Blauschild was overpaid and did not have any claim against the building and that the lien filed should be cancelled, and that plaintiff should have judgment against Blauschild for the difference between the contract price and the amount paid, while

Blauschild contends that the architect did not have the right to employ any one to do the work undertaken by him, and that he had, as a matter of compromise, agree with the contractor that he would allow two hundred fifty dollars for the work which had been done by persons employed by the architect, leaving a balance due on the contract price of three hundred fifty dollars, and that at the instance of the contractor, and by agreement with him, he had done extra work amounting to eighty-five and 50-100 dollars, making a total due of four hundred thirty-five and 50-100 dollars, for which amount he had filed the lien.

The contract between the owner and the contractor provided that the architect should be the judge of the manner in which the work was done, and that when the work had been improperly executed or when the contractor failed or refused to do the work undertaken, the work could be corrected or done at the expense of the contractor, and the contract provided and it is admitted that the stipulations of the contract between the owner and the contractor were applicable as between the contractor and subcontractor, and the contractor contends that Blauschild having done some of his work improperly and failed and refused to execute other work undertaken by him, the architect properly employed other persons to correct the work which had been improperly executed, and to do other work which Blauschild refused to do, and that the cost of same should be charged Blauschild.

Blauschild does not contend that such would not have been the case under the contract had the he improperly executed or failed to do work undertaken by him, but he contends that it was impossible for him to have properly installed the

heating plant, in that the building had been constructed in such manner that the heating apparatus could not be installed without making changes in the building to provide for the boiler of the heating apparatus to be placed at a lower elevation, and that when the architect complained of his work, that he notified the architect of such condition, and that the architect refused to have the changes made, and that he consented to the architect employing someone else to do the work only on the condition that it could be done without providing for the boiler to be placed at a lower elevation, and that the work having been done by lowering the boiler that he was not responsible for the cost of the work, and Blauschild also contends the other work, the ,cost of which the contractor had charged to him, amounting to one hundred twenty and 20-100 dollars, was for work which was not comprehended in his contract, and the charge of twenty and 53-100 dollars for materials is not shown to have been for materials used in the construction of work undertaken by him.

The judgment did not allow plaintiff to charge defendant with the full amounts claimed, and we are not informed as to which of the charges made against defendant were rejected, but we find that the charge of twenty and 53-100 dollars was not established, in that the evidence does not show what material was purchased, and whether or not it was used in the work undertaken by Blauschild, and we are also of the opinion that the charge of one hundred twenty and 53-100 dollars, with the exception of one item for twenty-five and 50-100 dollars, is not proven to have been for work undertaken by defendant, which will be further considered hereafter.

The main contention of the parties relates to the charge for work on the heating plant, and we find that the work which defendant had done on the plant is shown by the evidence to have been defective, and the evidence does not show that when complaint was made by the architect there was any suggestion by defendant for changes in the building, and that the work could not be done without such changes being made.

The contract provides that the contractor shall check all measurements, etc., before commencing work, and in event of his failure to do so and notify the architect, he shall be responsible for the correctness of same thereafter, and the evidence showing that defendant had read the contract, before undertaking to install the heating plant, it is contended it was his duty to have detected any error in the plans and having failed to do so, he could not complain. However, be that as it may, the evidence shows as stated that the work which defendand had executed was defective without regard to any changes which were made as to the elevation of the boiler, and that defendant consented to the work being done by the person called in by the architect, defendant, through his servants, assisting in the work, and we are of the opinion that his objections coming after the completion of the work, were too late. (Garson Bros. vs. Wilson, 152 La. 536, 93 So. 783.) And we are of the opinion that the cost of the work, amounting to eight hundred nineteen and 57-100 dollars, being shown to have been a reasonable charge, was properly charged to defendant.

The evidence also shows that defendant knew that the item of twenty-five and 50-100 dollars on the bill of one hundred twenty-eight and 20-100 dollars, was

being furnished by another, and we are of the opinion that item should be charged against defendant, making the total charge against defendant for work and materials, eight hundred forty-five and 57-100 dollars.

While defendant contends that there had been a compromise settlement of the claims made against him for two hundred fifty dollars, the evidence fails to show such settlement, however, we think that the evidence shows that he was employed to do some extra work, and that the bill of eighty-five and 50-100 dollars for that work is established, and defendant being also entitled to a credit of six hundred dollars on the contract price, or a total credit of six hundred eighty-five and 50-100 dollars, that the balance due plaintiff was one hundred fifty-nine and 57-100 dollars.

The judgment appealed from allowed only one hundred fifty-three dollars, and as there was not any answer to the appeal by plaintiff, the judgment cannot be reversed in favor of the plaintiff.

The judgment appealed from is affirmed.